**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


JOSEPH FLORES,

        Applicant,

    v.                                       CV 11-305 WJ/CG

JAMES WEEDEN, et al.,

        Respondents.


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on Petitioner Joseph Flores' *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, (Doc. 1), Respondent's *Answer to Petition for Writ of Habeas Corpus*, (Doc. 5), and *Petitioner's Response to Respondent's Answer to Writ of Habeas Corpus*, (Doc. 6). Mr. Flores seeks to collaterally attack his first degree murder conviction in New Mexico state court.  He alleges, among other things, that both his trial and appellate counsel were constitutionally ineffective. (Doc. 1 at 6-23). Respondent contends that Mr. Flores procedurally defaulted his claims by failing to seek review with the New Mexico Supreme Court following the denial of his state court habeas petition. (Doc. 5 at 1, 7-10).  For the reasons set forth in the opinion below, the Court **FINDS** that Mr. Flores' petition must be **DISMISSED WITH PREJUDICE**.

    I.      **Background**

    Mr. Flores was convicted of first degree murder in 2005 in the Fifth Judicial District

Court in Eddy County, New Mexico. (Doc. 5-1 at 3). Mr. Flores was sentenced to a term of life imprisonment, followed by five years of parole. (*Id.*). Mr. Flores appealed his conviction to the New Mexico Supreme Court, where the conviction was affirmed on January 22, 2010. (Doc. 5 at 5; Doc. 5-3 at 35). Mr. Flores was incarcerated in New Mexico from 2005 until March of 2010, at which point he was transferred to a maximum security prison in Rhode Island pursuant to the Interstate Compact. (Doc. 5 at 2; Doc. 5-4 at 4).

Following Mr. Flores' transfer to Rhode Island, Mr. Flores filed a state habeas petition with the Fifth Judicial District Court in Eddy County, New Mexico. (Doc. 5-4 at 1-45). Mr. Flores' habeas petition alleged multiple instances of ineffective assistance of counsel on the part of his trial attorney. (*Id.*). Mr. Flores' state habeas petition was received on August 23, 2010, and was denied that same day without comment. (*Id.* at 47-48). Following the denial of the habeas petition, Mr. Flores had thirty days within which to seek review of the district court's decision with the New Mexico Supreme Court. *See* N.M.R.A. 12-501(b). Therefore, Mr. Flores' deadline to file a petition for certiorari ("cert petition") with the New Mexico Supreme Court was September 22, 2010.

Mr. Flores admits that he never filed a cert petition with the New Mexico Supreme Court following the district court's denial. In the instant habeas petition, Mr. Flores reiterates several times that "I missed my 30 day deadline for certiorari of denial of state trial court habeas corpus, due to my legal work being abridged by current custodians and unusual circumstance. Lawsuit filed in Federal District Court of Rhode Island." (Doc. 1 at 29, 36, 39, 42). Mr. Flores claims that his cert petition had been "ready for mailing" prior to the September 22, 2010 deadline, but that he was unable to mail the petition since he was placed in segregation and his legal property was confiscated by corrections officers in

2

Rhode Island. (Doc. 6 at 1).

Mr. Flores believes that the confiscation of his legal materials and his placement in segregation was in retaliation "for his legal right to petition the court for help." (*Id.* at 2). Mr. Flores does not specify what type of help he has sought which would have provoked this retaliation from the Rhode Island corrections officers. A review of the PACER system indicates that Petitioner had three legal actions pending in or around the time in which his cert petition was due: (1) a civil rights case brought under 42 U.S.C. § 1983 in the District of New Mexico alleging physical and mental abuse by several New Mexico corrections officers; (2) the instant habeas proceedings, both before the state district court and the District of New Mexico; and (3) a civil rights case brought under 42 U.S.C. § 1983 in the District of Rhode Island alleging sexual harassment. (Doc. 5 at 8-9; Civ. 09-1153 BB/GBW; Civ. 11-069 ML/DLM).

Mr. Flores claims that he was placed in segregation on some unspecified date and that "all his legal property" was confiscated and purposefully kept from him, despite repeated requests to access "his legal needed materials." (*Id.* at 1, 3). Mr. Flores states that he has been held in segregation for over eight months and that all requests to access his legal property have been ignored. (*Id.* at 4). Mr. Flores contends that, to this day, prison officials in Rhode Island are preventing him from accessing or filing his cert petition.

## II.   <u>Standard of Review</u>

Before a Federal District Court may consider the merits of a habeas petition brought pursuant to 28 U.S.C. § 2254, the court must first be satisfied that the petitioner has exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An Application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State

3

court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."). The exhaustion doctrine is based upon principles of comity and federalism - that in a federal system, state courts should be afforded an opportunity to hear a petitioner's case before federal courts are called upon to resolve the issue. *See, e.g.*, *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) ("The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."); *Rose v. Lundy*, 455 U.S. 509 (1982).

In order to satisfy the exhaustion requirement, a petitioner must 'fairly present' all of his relevant claims before the state court. *See Picard v. Connor,* 404 U.S. 270, 275 (1971). A petitioner has not fairly presented his claims unless he has afforded the state courts "one full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner has not properly exhausted his state remedies if he fails to submit those claims to the state's highest court for discretionary review. *Id.*

Generally, when an applicant has failed to exhaust state court remedies, a federal court should dismiss the petition without prejudice to give the applicant an opportunity to exhaust those remedies. *See Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). "However, in considering unexhausted claims, federal courts should consider whether, upon dismissal of the claims, the petitioner would then be able to raise them in the state courts." *Id.* "[I]f the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir.1992) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991)). As long as the state's procedural bar provides an independent and adequate state-law basis for

4

upholding the petitioner's conviction and sentence, the federal courts may not review a procedurally defaulted claim. *Watson v. State of New Mexico*, 45 F.3d 385, 388 (10th Cir. 1995).

Notwithstanding the general rule regarding procedural defaults, a federal court may consider defaulted claims if the petitioner can demonstrate both cause and prejudice for the default, or that failure to consider the petition will result in a fundamental miscarriage of justice. *See Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999). To demonstrate cause, the petitioner must show that "some objective factor external to the defense" impeded his ability to properly exhaust the relevant claims. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Objective factors can include "interference by officials" which prevents compliance with the state's procedural rules. *Id.* To demonstrate prejudice, the petitioner must show that the external factor worked to his actual and substantial disadvantage. *United States v. Fray*, 456 U.S. 152, 170 (1982).

**III    Analysis**

Respondent argues that Petitioner's failure to seek review before the New Mexico Supreme Court operates as a procedural default and precludes this Court from considering Mr. Flores' petition. (Doc. 5 at 7-10). Mr. Flores does not dispute that he failed to file a timely cert petition with the New Mexico Supreme Court. The question then becomes whether Mr. Flores has adequately demonstrated both cause and prejudice such that this Court may excuse his procedural default. The Court finds that Mr. Flores has not.

As stated above, a petitioner can demonstrate cause for a procedural default if he can objectively show that "external factors" prevented him from exhausting his state remedies. *Murray*, 477 U.S. at 488. Mr. Flores claims that he failed to file his cert petition

5

because unnamed Rhode Island corrections officers confiscated his "legal needed materials[,]" including his completed cert petition, and because he has been held in segregation for the last eight months. (Doc. 6 at 3-4). However, Mr. Flores' litigation activity in both the instant habeas case and the New Mexico and Rhode Island § 1983 cases belie these contentions. The Court will address Mr. Flores' two complaints regarding his ability to file a timely petition - his placement in segregation and the confiscation of his cert petition.

### A.   Placement in Segregation and Access to the Courts

With regard to Mr. Flores' contention that he was placed in segregation, the record shows that any placement in conditions of restrictive confinement occurred after the September 22, 2010, deadline to file his cert petition had already passed. Warden James Weeden previously testified in the New Mexico § 1983 case that Mr. Flores was transferred from the maximum security unit into a "high security" unit, which is something of a "lock-down unit." (*See* Civ. 09-1153 BB/GBW, Doc.  30 at 22-23); *see also Barrett v. Pearson*, 355 F. App'x 113, 116-17 (10th Cir. 2009) (noting that a district court is authorized to take "notice of judicial proceedings in other courts if they have a direct relation to [the] matters at issue[.]") (citing *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 2009). However, Mr. Weeden testified that this transfer occurred on October 12, 2010, which would have been after the cert petition deadline had already passed. (*Id.* at 22). Therefore, considering the timing of Mr. Flores' move to the lock-down unit, it is difficult to find that Mr. Flores' transfer operates as an exogenous cause for his failure to file a timely cert petition.

Furthermore, the litigation record in Mr. Flores' current habeas case as well as the record in the two § 1983 suits filed in New Mexico and Rhode Island contradicts Mr. Flores'

assertion that Rhode Island officials have deliberately tried to restrict his access to the courts. The Court first notes that Mr. Flores has made similar claims regarding supposed attempts by Rhode Island corrections officers to tamper with his legal materials , including a court-ordered response to a *Martinez* report, in the past. In cause number 09-1153 BB/GBW, United States Magistrate Judge Gregory Wormuth found that Mr. Flores had misrepresented facts to the Court regarding Rhode Island officials' supposed interference with his access to the courts. Judge Wormuth concluded that, during the month of September, 2010, "there is no basis to conclude that prison officials who were holding [Mr. Flores] during the relevant period interfered with his ability to respond to the *Martinez* Report or to the Show Cause Order." (*Id.* at 5-6). Judge Wormuth then recommended that Mr. Flores' case be dismissed for failure to prosecute. (Civ. 09-1153, Doc. 32).

Chief United States District Judge Bruce Black adopted Judge Wormuth's recommendation. Judge Black found that the Rhode Island officials' purported attempts to restrict Mr. Flores' access to the *Martinez* report, their attempts to destroy his response to the *Martinez* report, and their motivations for purportedly taking these actions were not credible and were affirmatively contradicted by the facts in the record. (Civ. 09-1153, Doc. 34 at 6-14). Due to Mr. Flores' mischaracterizations regarding prison officials' supposed attempts to restrict his access to the courts in September of 2010, and a lack of other evidence, it is difficult for the Court to find that Mr. Flores has demonstrated cause for his failure to file a timely cert petition during that same month. *See Spencer v. Magrady*, No. 10-701, 2010 WL 5830500 at *6, n. 10 (E.D. Pa., Dec. 1, 2010) (noting that petitioner's litigation activity in other cases belied petitioner's claim that he was unable to file a timely habeas petition due to prison conditions which amounted to a denial of access to the

courts).

Furthermore, the litigation activity in the instant habeas case and the two other section 1983 cases belies Mr. Flores' contention that Rhode Island officials have attempted to abridge his access to the courts in retaliation "for his legal right to petition the court for help." (Doc. 6 at 2). If the Rhode Island officials were attempting to punish or retaliate against Mr. Flores for seeking judicial relief, then Mr. Flores has failed to explain why the Rhode Island officials never attempted to prevent him from filing his habeas petition with the Fifth Judicial County district court. Neither has Mr. Flores explained why the Rhode Island officials never attempted to prevent him from filing the instant habeas petition or the § 1983 suit against Mr. Weeden and other prison officials in the District of Rhode Island.[1] Similarly, in the 09-1153 case, Judge Black discredited Mr. Flores' claim that Rhode Island officials were seeking to prevent him from litigating his New Mexico § 1983 claims, noting that "Rhode Island prison officials would have no reason to interfere with [Mr. Flores'] access to the courts given that he is suing a New Mexico facility. (Civ. 09-1153, Doc. 34 at 14). Judge Black further found that Mr. Flores' contention regarding prison officials' interference with his access to the courts was not credible since the court had received at least five letters or pleadings from Mr. Flores while he was incarcerated in Rhode Island. (*Id.* at 13 n.7). Significantly, three of those letters were received on September 23, 2010, which overlaps with the time period in which Mr. Flores' cert petition was due. (*See* Civ. 09-1153, Doc. 20; Doc. 21; Doc. 22).

The record in this case and Mr. Flores' litigation activity in both § 1983 suits

---

[1]     Mr. Flores has not claimed that Rhode Island officials attempted to prevent him from filing his habeas petition with the New Mexico district court or with this Court. (*See, e.g.*, Doc. 6)

demonstrate that Mr. Flores was not placed in restrictive conditions of confinement until after the deadline to file his cert petition had passed. The record also demonstrates that Mr. Flores previous attempts to blame Rhode Island officials for his failure to comply with court orders and deadlines have been shown to be without merit. Mr. Flores' contention that the Rhode Island officials purposefully prevented him from filing his cert petition due to his efforts to petition the courts for redress is belied by the fact that the Rhode Island officials do not appear to have prevented Mr. Flores from initiating the instant habeas petition, or litigating the two § 1983 suits in the Districts of New Mexico and Rhode Island. Therefore, the Court finds that Mr. Flores has not shown cause for his failure to file a timely cert petition with the New Mexico Supreme Court.

### B.   Confiscation of Mr. Flores' Petition

While Mr. Flores contends that his legal materials, along with his cert petition, were confiscated at some point, he does not state exactly when that happened. The Tenth Circuit has been wary of finding cause to excuse a procedural default where the petitioner has failed to explain when purportedly restrictive conditions of confinement were imposed on the petitioner or where he has failed to state with specificity who attempted to abridge his access to the courts. *See Magar v. Parker*, 490 F.3d 816, 819-820 (10th Cir. 2007). Mr. Flores claims that he has filed multiple "request slips" to prison officials in an attempt to recover or review his confiscated materials, but he has not attached any copies of those request slips, nor has he indicated to whom he directed these requests. (Doc. 6 at 4).[2]

---

[2] The Court notes that Mr. Flores similarly failed to attach any evidence of requests to access his legal materials in the Civ. 09-1153 case before Judge Wormuth. (Civ. 09-1153, Doc. 34 at 13, n. 7). In that case, Mr. Flores had argued that he consistently failed to respond to the *Martinez* report because Rhode Island officials had confiscated or destroyed it. (*Id.*). The Court did

The Tenth Circuit, in *United States v. Gabaldon*, 522 F.3d 1121 (10th Cir. 2008), has held that placing a prisoner in segregation and restricting his access to legal materials may suffice to excuse an untimely filed habeas petition.[3] However, *Gabaldon* is distinguishable from Mr. Flores' case. In *Gabaldon*, the petitioner filed a sworn statement stating the exact date when he had been placed in segregation and explaining how he was prevented from filing a timely motion. *Id.* at 1123. He also provided sworn affidavits from his cellmate regarding his requests for the return of his legal documents, copies of his written requests seeking the return of his documents, and a memorandum from an officer at the prison stating that he had been placed in segregation and that he was denied access to his legal materials during the relevant period. *Id.* Mr. Flores has provided nothing to support this assertion beyond the bare allegations contained in his response to Respondent's answer.

Even if the Court were to assume that Mr. Flores cert petition had been prepared and that Rhode Island officials confiscated the petition prior to the expiration of the deadline to file the cert petition, this Court cannot find that Mr. Flores has demonstrated cause for the procedural default. N.M.R.A. 12-501 provides that a petitioner, upon a showing of good cause, may request a thirty day extension of time to file the petition, even if the petition deadline has already passed. *See* N.M.R.A. §§ 12-501(C)(1), (2). Mr. Flores did not seek an extension. Courts have found that, when factors external to the defense have prevented

---

not credit this claim, in part because of the absence of any copies of requests made for access to the *Martinez* report or another copy of the report. (*Id.*).

[3]   *Gabaldon* is not quite on all fours with this case since the issue was whether Mr. Gabaldon was entitled to have the one year statute of limitations under 28 U.S.C. § 2255(f) equitably tolled. *Gabaldon*, 522 F.3d at 1123. Nevertheless, the analysis  of the petitioner's allegations regarding his placement in segregation and the confiscation of his legal materials is helpful because Mr. Flores makes similar claims.

petitioners from filing a timely cert petition, the petitioners have nevertheless failed to show cause if they did not seek an extension of time to file the petition. *See, e.g.*, *Henry v. Jones*, No. 09-1176, 2010 WL 1780297 at *3 (W.D. Okla., April 13, 2010) ("Petitioner could have, but did not, seek an extension of time in which to file his pleadings with the [Oklahoma Court of Criminal Appeals]. Nor did Petitioner attempt to explain his tardy filing . . . Petitioner has not demonstrated cause for his procedural default."); *Rutledge v. Cain*, No. 08-0546 at *7 (W.D. La., Oct. 29, 2009); *Walker v. King*, No. 08-333, 2009 WL 6467044 at * 3 (S.D. Miss., July 24, 2009) ("Further, Petitioner could have promptly filed a motion for extension of time to appeal . . . yet he failed to do so."); *Little v. Cline*, No. 08-3237, 2009 WL 1864014 at *  3 (D. Kan., June 29, 2009); *Fairfax v. Scott*, 39 F.3d 319 (5th Cir. 1994) ("By his own admission, Fairfax did not file for an extension of time [to file his petition] in the Texas Court of Criminal Appeal[s]. He has not shown cause, only negligence on his own part.").

Mr. Flores' failure to seek an extension of time is significant because, had an extension of time been granted, Mr. Flores could have prepared a new petition for the New Mexico Supreme Court. It appears that Mr. Flores had easy access to the prison's law library prior to his October 12, 2010, placement in the lockdown unit. Mr. Weeden testified that prior to his placement in segregation, Mr. Flores had access to the prison library anywhere from five to eight hours a day. (*See* Civ. 09-1153, Doc. 31 at 24).

Nor would it have been prohibitively difficult for Mr. Flores to prepare a new cert petition had he requested an extension of time. The instant habeas petition appears to be a copy of the district court habeas petition. The district court petition and the instant petition present the same arguments and large portions of the instant petition are copied verbatim

11

from the district court petition. (*Compare* Doc. 1 *with* Doc. 5-4 at 5-41).[4] It does not appear that preparing a new cert petition would have required Mr. Flores to engage in a substantive amount of legal research or writing. He merely would have had to re-copy his district court habeas petition, much as he did with the instant petition.

The Court finds that Mr. Flores has not demonstrated cause such that this Court can excuse his procedural default. Even if the Court accepts that Mr. Flores' cert petition was confiscated, Mr. Flores has not explained why he failed to seek an extension of time from the New Mexico Supreme Court. Neither has he explained why he would have been unable to prepare a new cert petition when he had access to a copy of his previous district court habeas petition and easy access to the prison's law library. Because the Court finds that

---

[4]   *Compare, e.g.*, Doc. 5-4 at 6, "[Defense] counsel stated "you will (not) say a word nor assist in any of your defense at trial, I will decide the direction of defense stratagies [sic], you will sit your ass!! down and say nothing and furthermore should you try and voice your homophile mouth I will tell authorities you are threatening counsel with physical harm. . ."" *with* Doc. 1 at 6 "Counsel told Mr. Flores "you will not say a word nor assist in any of your defense at trial. I will decide the directions of defense strategies, you will sit your ass, say nothing, should you try and "voice" your homophile, she would tell authorities Mr. Flores was being threatening to his counsel, to physically harm her."";

*Compare, e.g.* Doc. 5-4 at 9-10 "The Second Court of Appeals held that when fingerprint evidence was pivitol [sic] and a defense expert could have advised whether any identification form the fingerprint was even possible, the trial court should have appointed a fingerprint expert for the defense while this case looked at the proper standard for appointment of a defense expert under the criminal justice act of 1964, 18 U.S.C. 3006A (1970), it discussed the fact a defense expert could have educated defense counsel about technicalities in the field, making cross-examination more effective (as would have been the exact same thing in petitioner's case) this probative value of an expert pathologist for petitioner was pertinent for petitioner's defense." *with* Doc. 1 at 9-10 "The Second Court of Appeals held that when fingerprint evidence was pivitol [sic] and defense expert could have advised whether any identification from the fingerprint was even possible, trial court should've appointed a fingerprint expert for the defense. That case looked at the proper standards for appointment of a defense expert under the criminal justice act of 1964, 18 U.S.C. 3006A (1970); (williams v. martin) discussed the fact that a defense expert could have educated defense counsel about "technicalities" in the field, making examination more effective, as should have been the exact same in Mr. Flores case. This probative value of need for an expert pathologist for Mr. Flores was pertinent for his defense."

Mr. Flores has not demonstrated cause for his procedural default, the Court need not consider whether he has shown prejudice. *Medina v. Hatch*, 400 F. App'x 324, 327 (10th Cir. 2010) ("Because Medina has not shown adequate exogenous cause for his default, we do not reach the prejudice element . . .").

### C.   <u>Miscarriage of Justice</u>

Even where a Court determines that a petitioner has not demonstrated cause or prejudice, a second exception exists involving fundamental miscarriages of justice. *Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997). This is an extraordinary exception and is applicable only where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Coleman v. Thompson*, 501 U.S. 722, 748 (1991). "To come within this very narrow exception, the petitioner must supplement his constitutional claim with a colorable showing of factual innocence. The inquiry must focus on actual or factual innocence, as opposed to legal innocence." *Klein v. Neil*, 45 F.3d 1395, 1400 (10th Cir. 1995). Petitioner "must demonstrate that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614*,* 623 (1998).

Mr. Flores does not raise a colorable claim of factual innocence in the instant habeas petition, but instead focuses on multiple legal and ethical errors supposedly committed by his attorney. Moreover, the New Mexico Supreme Court's opinion affirming Mr. Flores' conviction sets forth substantial evidence supporting his conviction. *See State v. Flores*, 147 N.M. 542, 547-49 (2010) ("We reject as unworthy of extended discussion Defendant's cursory argument that the evidence was insufficient to support a conclusion that he was the person who stabbed [the victim]. The evidence was simply overwhelming on that issue.").

Mr. Flores has not established that the enforcement of the procedural default would amount to a fundamental miscarriage of justice.

### IV.    Recommendation

Mr. Flores admits that he failed to file a cert petition with the New Mexico Supreme Court following the denial of his habeas petition in the district court. The Court therefore finds that Mr. Flores has procedurally defaulted his claims. The Court finds that Mr. Flores has not shown cause for his failure to file his cert petition and that he has not established that enforcing the procedural default would amount to a fundamental miscarriage of justice. The Court therefore **RECOMMENDS** that Mr. Flores' *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, (Doc. 1), be **DISMISSED WITH PREJUDICE**.

The Court further **RECOMMENDS** that a certificate of appealability be **DENIED**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE